IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAKE C. PELT, ET AL., FOR THEMSELVES AND FOR AND ON BEHALF OF A CLASS OF PERSONS consisting of all Navajo Indians residing in San Juan County, Utah, including a sub-class of persons consisting of all other Indians the Secretary of Interior saw fit to settle on lands described in the 1933 Act [47 Stat. 1418] prior to May 17, 1968,<br><br>            Plaintiffs,<br><br>vs.<br><br>STATE OF UTAH,<br><br>            Defendant. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:92-CV-639 TC |

This matter is before the court on Defendant State of Utah's Motion for Certification Under Rule 54(b) and 28 U.S.C. § 1292(b). In its motion, Utah seeks two things: (1) certification of this court's January 11, 2006 Order as final under Rule 54(b) of the Federal Rules of Civil Procedure; and (2) certification of this court's June 19, 2001 Order and January 11, 2006 Order to provide immediate interlocutory appeal of those orders under 28 U.S.C. § 1292(b).

**Request for Certification under Rule 54(b)**

Utah contends that the court's January 11, 2006 Order finally adjudicated the Plaintiffs'

accounting claim, which Utah characterizes as "one of seven claims raised in plaintiffs' complaint." (Def.'s Mem. Supp. Mot. for Cert. at 5.) Accordingly, Utah contends that entry of judgment on that claim is appropriate under Rule 54(b) of the Federal Rules of Civil Procedure. According to Rule 54(b),

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).

The court finds that the court's order does not decide Plaintiffs' accounting claim because issues regarding the scope of the Plaintiffs' accounting claim remain to be resolved (e.g., whether Utah has the duty to account for funds disbursed to, and spent by, the Utah Navajo Development Council, which is the subject of a pending motion for partial summary judgment). Moreover, the accounting claim is but a threshold claim that will have direct effect on the remaining claims in the suit (breach of fiduciary duty and breach of trust). Accordingly, Utah's request for entry of final judgment on the accounting claim under Rule 54(b) is denied.

**Request for Certification under 28 U.S.C. § 1292(b)**

The State of Utah also seeks interlocutory appeal certification of two court orders: the June 19, 2001 Order and the January 11, 2006 Order.

Section 1292(b) allows district courts to certify an order for interlocutory appeal if the court concludes that (1) the order involves a controlling question of law, (2) a substantial ground

for difference of opinion concerning the ruling exists, and (3) an immediate appeal would materially advance the disposition of the litigation. 28 U.S.C. § 1292(b). The provisions of § 1292(b) are "flexible" and provide an avenue to "avoid protracted and expensive litigation." Burchett v. Bardahl Oil Co., 470 F.2d 793, 796 (10th Cir. 1972).

### January 11, 2006 Order

Looking at the January 11, 2006 Order, Utah essentially asks the court to certify the question of whether the Plaintiffs, for purposes of a res judicata analysis, were in privity with the plaintiffs in three earlier lawsuits: Sakezzie v. Utah State Indian Affairs Commission ("Sakezzie") (filed in 1961), Jim v. State of Utah ("Jim") (filed in 1970), and Bigman v. Utah Navajo Development Council, Inc. ("Bigman") (filed in 1977). More specifically, the question is whether the Plaintiffs were adequately represented by the plaintiffs in the three earlier lawsuits.

The court believes that, in this case, the issue faced by the court regarding the question of adequacy of representation in a res judicata analysis involves a controlling question of law. "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litigation (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982). The court's ruling fully impacts adjudication of the remaining claims. The number of years for which Utah is required to account will have a direct effect on the Plaintiffs' allegations of breach of trust and breach of fiduciary duty – that is, the accounting is the primary source of evidence of Utah's conduct in administering the Navajo Trust Fund and in fulfilling its duty to account. Moreover, the court rejected Utah's request to adopt and apply the theory of virtual representation. The issue of whether the doctrine of virtual representation should be applied, and, if so, to what

3

extent, is a question of first impression in the Tenth Circuit and is appropriate for interlocutory appeal. See United Transp. Union Local 1745 v. City of Albuquerque, 178 F.3d 1109, 1114 (10th Cir. 1999) (accepting an interlocutory appeal after noting that "the controlling question herein is novel and has not been previously ruled upon in this circuit . . . ."). And the law is not clear regarding what standard a court should apply to determine whether a class plaintiff defending against a res judicata challenge was adequately represented by other plaintiffs in earlier litigation, particularly litigation that occurred before the modern version of Rule 23 regarding class actions was adopted.

There is substantial ground for difference of opinion regarding the issues raised by the January 11, 2006 Order. As noted by Utah, there is a dearth of Tenth Circuit or United States Supreme Court precedent on the issue. There are also disputes in academic and judicial circles regarding the viability and application of the virtual representation theory.

Finally, an immediate resolution of the appeal may materially advance the ultimate termination of the litigation if the Tenth Circuit reduces the number of years for which Utah is required to provide an accounting. Moreover, it would be a waste of this court's and counsels' time to document and analyze decades of trust account management if on appeal the Tenth Circuit finds that the Pelt Plaintiffs were indeed adequately represented in the three earlier cases.

The court concludes that each of the requirements imposed by 28 U.S.C. § 1292(b) is met as to the court's January 11, 2006 Order. Before the court modifies its January 11, 2006 Order and Memorandum Decision to certify the Order's resolution of questions for immediate appeal, the court ORDERS the parties to submit, no later than fourteen days from the date of this Order, proposed language articulating the exact questions to be certified for appeal.

**June 19, 2001 Order**

The court denies Utah's request for certification of the June 19, 2001 Order. The reasons for denial are primarily that the request for certification comes four and a half years after the order was issued and Plaintiffs have relied on the contents of the order in pursuing the litigation over the last few years. The court believes that the four-and-a-half years goes beyond any reasonable time for an "immediate" appeal.

## ORDER

For the reasons set forth above, the court ORDERS as follows:

1.  Utah's Motion for Certification Under Rule 54(b) and 28 U.S.C. § 1292(b) is GRANTED IN PART AND DENIED IN PART. Specifically:

    a.  Utah's request for certification under Rule 54(b) is DENIED.

    b.  Utah's request for certification of the court's June 19, 2001 Order under 28 U.S.C. § 1292(b) is DENIED;

    c.  Utah's request for certification of the court's January 11, 2006 Order under 28 U.S.C. § 1292(b) is GRANTED. But before the court modifies the January 11, 2006 Order, the parties must submit simultaneous briefs (or a joint brief if possible) no later than fourteen days from the date of this Order proposing specific language to be used in the questions to be presented to the Tenth Circuit for immediate appeal.

    d.  Because the court is certifying certain issues for interlocutory appeal, the court ORDERS the parties to submit briefs addressing the question of whether the court has jurisdiction to continue with the Plaintiffs' Motion for Partial Summary Judgment re: Utah's

Duty to Account for Funds Disbursed to, and Spent By, UNDC.  Simultaneous briefs are due no later than fourteen days from the date of this Order.

DATED this 14th day of March, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge