IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JAKE C. PELT, ET AL., FOR THEMSELVES AND FOR AND ON BEHALF OF A CLASS OF PERSONS consisting of all Navajo Indians residing in San Juan County, Utah, including a sub-class of persons consisting of all other Indians the Secretary of Interior saw fit to settle on lands described in the 1933 Act [47 Stat. 1418] prior to May 17, 1968, | ORDER AND MEMORANDUM DECISION |
| Plaintiffs, | |
| vs. | Case No. 2:92-CV-639 TC |
| STATE OF UTAH, | |
| Defendant. | |

Beneficiaries of the Navajo Trust Fund filed this class action suit against the Fund trustee, Defendant State of Utah, seeking relief for alleged mismanagement of Fund monies. Currently, the court is faced with a single discrete issue raised by the parties' most recent cross-motions for partial summary judgment.

The issue concerns the Utah Navajo Development Council and its predecessors (UNDC), which received and spent millions in Fund monies granted by Utah over a period of more than twenty years. There is no dispute that Utah, as trustee, has some duty to account to the beneficiaries regarding the money given to UNDC. But the parties dispute whether Utah's duty

to account to the beneficiaries includes not only the duty to account for Fund money granted to UNDC but also Fund money spent by UNDC.  As part of its defense, Utah asserts that UNDC was a representative of the beneficiaries and so Utah's trustee obligations (including provision of an accounting) ended at the point money was distributed to UNDC for "approved purposes."

Plaintiffs are entitled to partial summary judgment on the issue.  Utah has not satisfied its summary judgment burden to establish that UNDC is the beneficiaries' representative.  In contrast, the Plaintiffs have satisfied their burden of establishing that Utah, as trustee, has a fundamental fiduciary duty to account for all Navajo Trust Fund money.  Indeed, Utah has not presented any genuine issue of material fact to defeat Plaintiffs' motion.  Accordingly, the Plaintiffs' motion for partial summary judgment is granted and Utah's motion for partial summary judgment is denied.

## FACTUAL BACKGROUND

**The Trust**

In 1933, Congress established the Navajo Trust Fund, from which 37½ % of royalties derived from exploitation of oil and gas deposits under the Navajo Reservation's Aneth Extension[1] would be paid to the State of Utah, providing that such funds be spent for the benefit of the Indians residing in the Aneth Extension.  See An Act to Permanently Set Aside Certain Lands In Utah as an Addition to the Navajo Reservation, and For Other Purposes, 47 Stat. 1418 (1933).  In 1968, Congress amended the beneficiary class to include all Navajo Indians living in San Juan County, Utah.  See Pub. L. No. 90-306, 82 Stat. 121 (1968).  The 1968 amendment also

---

[1]The Aneth Extension (the ancestral home of Navajo Indians and other Native Americans) was added to the Navajo Reservation in 1933.

required Utah to plan and cooperate with federal and state agencies as well as the Navajo Tribe

where practicable to accomplish the Act's purposes.  Id.  And it required Utah to submit an

annual report for the information of the beneficiaries.  Id.  The 1933 statute, as amended in 1968,

reads in relevant part as follows:

> Should oil or gas be produced in paying quantities within the lands hereby added
> to the Navajo Reservation, 37½  per centum of the net royalties accruing
> therefrom derived from tribal leases shall be paid to the State of Utah: *Provided*,
> That said 37½ per centum of said royalties shall be expended by the State of Utah
> for the health, education, and general welfare of the Navajo Indians residing in
> San Juan County.  Planning for such expenditures shall be done in cooperation
> with the appropriate departments, bureaus, commissions, divisions, and agencies
> of the United States, the State of Utah, the county of San Juan in Utah, and the
> Navajo Tribe, insofar as it is reasonably practicable, to accomplish the objects and
> purposes of this Act. . . . An annual report of its accounts, operations, and
> recommendations concerning the funds received hereunder shall be made by the
> State of Utah, through its duly authorized officers, commissions, or agencies, to
> the Secretary of the Interior and to the Area Director of the Bureau of Indian
> Affairs for the information of said beneficiaries.

47 Stat. 1418 (1933), as amended by 82 Stat. 121 (1968) (hereinafter "1933 Act").

In the mid-1950s, the oil and gas wells began producing in paying quantities.

**Brief History of UNDC**

The Utah Navajo Development Council (UNDC) was officially incorporated in

November 1971 as a Utah non-profit corporation.  (See 1971 Articles of Incorporation, Ex. 101,

Dkt # 566.)  But UNDC was actually formed in January 1971 by its predecessors, the San Juan

Resource Development Council (SJRDC)[2] and the Utah Navajo Advisory Committee (UNAC).[3]

Utah has given Fund money to all three entities over the years.

_____

[2]SJRDC was formed in 1968.  (See, e.g., Second Aff. of Cleal Bradford ¶ 1.)

[3]UNAC was formed in 1968.  (See Utah Board of Indian Affairs Sept. 24, 1968
Resolution 69-04, Ex. 10, Dkt # 566.)

On January 26, 1971, the UNAC passed a resolution titled "Regarding the make up and function of the Utah Navajo Development Council." (See Jan. 26, 1971 UNAC Resolution, Ex. 65, Dkt # 566).) The UNAC resolved that "[t]he three separate boards, councils and committees of the 7 member WIN Advisory Board [not relevant to the case here], the Utah Navajo Advisory Committee and the San Juan Resource Development Council be combined under one name, the 'Utah Navajo Development Council.'" (Id. at 1.)

In 1970, before UNDC came into existence, the non-profit apparently SJRDC contracted with the Utah Division of Indian Affairs Board (a state agency) to provide services to Indians residing in San Juan County and to act as a liaison between the Indians and the State. (See June 1970 Agreement, Ex. 39, Dkt # 566 (unsigned copy).) On July 1, 1971, UNDC and the Utah Division of Indian Affairs (a successor state agency) entered into an agreement continuing the 1968 agreement between SJRDC and the State. (See July 1, 1971 Agreement, Ex. 88, Dkt # 566.) Utah continued to provide grants of money, this time to the UNDC rather than the SJRDC and UNAC, for approved purposes.

## ANALYSIS

This matter comes before the court on the parties' cross motions for partial summary judgment.[4]  Utah has filed a Motion to Renew Pleadings for Partial Summary Judgment,[5] in

---

[4]In 1999 (this case has been pending since 1992), the parties filed similar cross motions for summary judgment. For reasons not necessary to recount here, the court designated the cross motions as moot and removed them from the pending motion list. (See Sept. 20, 2000 Minute Entry (Dkt # 721).) Since then, many other issues have been at the forefront. But now the issue raised in the earlier motions is ripe for decision. Accordingly, the Plaintiffs filed a new motion for partial summary judgment on the issue. (Dkt # 1009.) And Utah renewed its earlier cross motion for partial summary judgment (Dkt # 564), incorporating the earlier pleadings into its most recent pleadings filed on the subject. (See Dkt # 1008.) Those are the motions now

which it renews its Pleadings for Partial Summary Judgment and in Opposition to Plaintiff's

Motion for Partial Summary Judgment re: Duty to Account for Royalties Spent by UNDC.[6]

Plaintiffs have filed a Partial Summary Judgment Motion Re: Utah's Duty to Account for Funds

Disbursed to, and Spent By, UNDC.[7]

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56 permits the entry of summary judgment "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to judgment as a matter of law.'" Fed. R. Civ. P. 56(c);  see also Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664,

670 (10th Cir. 1998).

**Summary of Parties' Arguments**

Utah contends that its accounting duty as trustee does not include the duty to account for

funds spent by the UNDC.  "The State of Utah does not dispute its duty to account for fund

monies 'delivered to' UNDC and the State has always provided such an accounting.  The State of

Utah denies, however, a duty to account for fund monies 'spent by' UNDC."  (Def.'s Oct. 2005

Mem. Supp. (Dkt # 1008-2) at 2.)  Underlying Utah's argument is the assertion that UNDC was

_____

pending.

[5]Dkt #1008.  Although Utah's motion is titled Motion to Renew Pleadings, the motion is in essence a cross-motion for partial summary judgment, and the court treats it as such.

[6]Dkt # 564.

[7]Dkt # 1009.

(and is) the beneficiaries' agent and so any spending (and accounting) duties were discharged when the money was delivered to the UNDC.  (See id. (stating that Utah "has no duty to account for monies after they were delivered for approved purposes to the control of the San Juan County Navajos ('the beneficiaries') through their representative body, UNDC.").)

In response, the Plaintiffs contend that the UNDC is not and has never been the beneficiaries' agent.  Instead, Plaintiffs argue, UNDC was and is Utah's agent.  Plaintiffs further assert that the 1933 Act imposed on Utah a fundamental trust duty to account for all funds spent for the benefit of the San Juan County Navajos.  Because, according to the Plaintiffs, UNDC and the San Juan County Navajos are not legally one and the same, documentation of Fund money disbursed to the UNDC is not alone sufficient to satisfy Utah's duty to account to the beneficiaries.

As discussed in more detail below, the court holds that Utah's accounting duty extends to funds spent by UNDC because, among other reasons, UNDC is not the beneficiaries' agent.

**The State of Utah has a duty to account for Navajo Trust Fund monies not only disbursed to but also spent by UNDC.**

The 1933 Act imposes traditional fiduciary duties on Utah.

The Tenth Circuit determined that Congress intended to create a fiduciary relationship between the State of Utah and the Navajo beneficiaries when it enacted the 1933 Act.  Pelt v. Utah, 104 F.3d 1534, 1544 (10th Cir. 1996). This trust relationship is governed by traditional principles of trust law.  Indeed, the court has already determined that "traditional trust principles – derived from the Indian accounting cases and more generally from the common law of trusts – should be applied, insofar as these principles do not contradict the express language of the 1933

6

Act." (July 18, 2001 Order (Dkt # 792) at 3.)

One of Utah's fiduciary duties as a trustee is the duty to account for expenditures of trust funds.  See Minnesota Chippewa Tribe v. United States, 14 Cl. Ct. 116, 120 (Cl. Ct. 1987) (noting the "well-established rule that the Government has the burden of doing a proper accounting" in actions regarding disbursements of Indian trust funds).  (See also June 19, 2001 Order (Dkt # 778) at 2.)  "The [government's] duty in accounting cases is to reveal what it did with the plaintiff's money."  Blackfeet & Gros Ventre Tribes v. United States, 34 Ind. Cl. Comm. 122, 144 (1974), quoted in Minnesota Chippewa Tribe, 14 Cl. Ct. at 121.

Utah does not dispute that general proposition.  But Utah attempts to draw an artificial line between its own spending and UNDC's spending by claiming that UNDC was the beneficiaries' representative and so Utah's duty to account was discharged when it granted Fund monies to UNDC.[8]

UNDC was not the beneficiaries' agent.

Utah argues that UNDC was the beneficiaries' agent because the beneficiaries controlled the actions of UNDC.[9]  Typically, this issue would be a factual issue for the jury.  But no genuine issue of material fact exists, so the question is one of law for the court.

Utah asserts that UNDC was created at the suggestion of the beneficiaries.  But the record

---

[8]As noted by Plaintiffs, Indian self-determination policy, Utah's discretion under the 1933 Act, and Utah's purported good faith are irrelevant to the question of whether Utah has the duty to account for UNDC expenditures.  (See Pls.' Opposing and Supporting Mem. (Dkt # 1011) at 8-11; Pls.' Reply Mem. at (Dkt # 1019) at 24-27.)

[9]Plaintiffs contend that UNDC was Utah's agent.  The court need not address the issue, because the controlling question is whether UNDC was the beneficiaries' agent.  If it was not (as the court holds), then Utah has a duty to account for UNDC expenditures whether or not UNDC was Utah's agent.

does not support Utah's contention.  UNDC's original Articles of Incorporation (dated 1971)

provides strong evidence of UNDC's obligation to the State of Utah and of UNDC's loyalties to

others in addition to trust beneficiaries.  The purpose for which the non-profit UNDC was

formed, in part, was "[t]o act, within the limits of the authority granted to it by the Utah Indian

Affairs Board [a state entity[10]], as an advisory committee to the said board and as an agency

through which the said board may effectively communicate with the Indian population of San

Juan County, Utah."  (UNDC Articles of Incorporation ¶ 3(b), Ex. 101, Dkt # 566.)  UNDC's

initial governing board included representatives from the Navajo Tribal Government and the San

Juan County government.  (Id. ¶ 6.)  UNDC represented interests that were sometimes adverse to

the beneficiaries' interests.  A valid representative of the trust beneficiaries would not be

governed by non-beneficiaries such as the Navajo Nation and San Juan County, nor would it

serve the interests of non-beneficiaries (particularly those with competing interests).

Utah argues that the beneficiaries controlled UNDC because the beneficiaries elected

UNDC board members.  But many beneficiaries did not vote in UNDC elections and many

Navajos who voted in the elections were not members of the beneficiary class.

Further, because UNDC was not the beneficiaries' agent, Utah's fundamental accounting

duty (which is not delegable)[11] does not end with delivery of money (allegedly totaling $ 40.7

_____

[10]See Utah Code Ann. § 63-36-1 (1988) ("There is created within the [Utah] Department
of Community and Economic Development a Board of Indian Affairs") (originally enacted in
1967).

[11]"The trustee is under a duty to the beneficiary not to delegate to others the doing of acts
which the trustee can reasonably be required personally to perform."  Restatement (Second) of
Trusts § 171 (2005).  See also id. § 171 cmt. a ("A trustee, being in a fiduciary relation to the
beneficiary, is under a duty personally to perform his duties as a fiduciary.");  id. § 175 ("The
trustee is under a duty to the beneficiary to take reasonable steps to take and keep control of the

million) to UNDC.

> "The trustee is under a duty to furnish the beneficiary on demand <u>all information</u>
> <u>regarding the trust and its execution which may be useful to the beneficiary in</u>
> <u>protecting its rights</u>, and to give to the beneficiary facts which the trustee knows
> or ought to know would be important to the beneficiary."

<u>White Mountain Apache Tribe of Arizona v. United States</u>, 26 Cl. Ct. 446, 448 (Fed. Cl. 1992)

(quoting G.T. Bogert, Trusts § 141, at 494 (6th ed. 1987)) (emphasis added).  Utah must provide

"sufficient information for the beneficiary readily to ascertain whether the trust has been

faithfully <u>carried out</u>."  <u>Id.</u> at 449 (emphasis added) (citing <u>Blackfeet & Gros Ventre Tribes</u>, 32

Ind. Cl. Comm. at 87).  So even if Utah provided the money to UNDC with a directive to spend

the money only for approved purposes, documentation of delivery with spending instructions

does not answer the question of whether the funds were actually spent for those approved

purposes.  Accordingly, Utah has a duty to account for Fund money spent by the UNDC.

**ORDER**

1.       Plaintiffs' Partial Summary Judgment Motion re: Utah's Duty to Account for

Funds Disbursed To, and Spent By, UNDC (Dkt # 1009) is GRANTED to the extent that the

court holds that Utah has a duty to account for money disbursed to and spent by the UNDC.  The

court does not decide the issue of whether Utah has already fulfilled its duty to account through

its production of documents during this litigation.  That issue will be addressed in a future order.

If further briefs or hearings are required, the parties will be notified.

2.       Defendant's Motion to Renew Pleadings for Partial Summary Judgment (Dkt

---

trust property.").

# 1008) is DENIED.

DATED this 5th day of July, 2006.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge